UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | | |
|---|---|---|
| WELLS FARGO BANK MINNESOTA, N.A. et al., | : | CASE NO. 5:06-CV-1922 |
| Plaintiffs, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 2] |
| ANGELO FINELLI and LAUREANN FINELLI, | : | |
| Defendants. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this motion, the Court decides whether to appoint a federal equity receiver for real property located in Cleveland, Ohio pursuant to Rule 66 of the Federal Rules of Civil Procedure. [Doc. 2] Defendants have not answered Plaintiffs' complaint and do not oppose their motion. For the reasons presented below, the Court **DENIES** Plaintiffs' motion for the appointment of a receiver.

I. Background

Plaintiffs Wells Fargo et al. ("Wells Fargo" or the "bank") bring this motion seeking to secure the bank's rights to title and rents from certain of Defendants' real property. The bank requests that the Court appoint a federal receiver to take possession of and manage Defendants' property during the pendency of the requested foreclosure. [Doc. 2.]

In April 2005, New Century Mortgage Corporation of Irvine, California ("New Century") executed a promissory note with Defendants Angelo and Laureann Finelli ("Finellis") in which it agreed to lend them $270,000 to finance the acquisition of a "multi-family and mixed use" apartment

-1-

Case No. 5:06-CV-1922
Gwin, J.

building at 4370 State Road in Cleveland, Ohio (the "Note"). [Doc. 1, Exh. A.] The Note includes an acceleration clause that entitles the lender to collect "the entire unpaid principle balance on [the] Note and all accrued unpaid interest immediately due" upon the Finellis' default. *Id*.

The Note is secured by a mortgage and an assignment of rents from the State Road property to the lender (the "Mortgage" and "Assignment of Rents," respectively). [Doc. 1, Exh. A.] The Mortgage includes a provision for the assignment of a receiver in the event of the Finellis' default. *Id*. The Assignment of Rents includes the right to collect revenues and profits from the property. *Id.* After completion of the loan documents, New Century sold the Note to Wells Fargo and assigned the Mortgage and Assignment of Rents to Wells Fargo. *See* Doc. 1 and Exh. D, E.

In January 2006, the Finellis defaulted on the Note. [Doc. 1.] On August 11, 2006, Wells Fargo filed a verified complaint for foreclosure, appointment of a receiver, and for other relief against the Finellis. *Id.* Wells Fargo says that, as a result of the Finellis' default, the entire unpaid principal balance of the Note and all unpaid accrued interest is due and payable under the Note's acceleration clause. *Id.* Further, Wells Fargo says the Finellis' default entitles the bank to foreclose the Mortgage and collect its underlying collateral. *Id*. The bank also claims that it is entitled to the collection of rents from the State Road property pursuant to the Assignment of Rents. *Id.* Thus, the bank moves the Court for an order appointing a receiver of the State Road property. [Doc. 2.]

On August 15, 2006, Wells Fargo served its summons and complaint on Angelo and Laureann Finelli. [Docs. 7, 10.] The Finellis did not answer. On September 6, Wells Fargo applied for an entry of default with the Clerk of the Court. [Doc. 12.] On September 11, the Clerk entered default against Angelo and Laureann Finelli. [Doc. 13.] On September 14, Wells Fargo moved the Court for default judgment and to enter an order of sale, both of which are pending. [Doc. 14.]

Case No. 5:06-CV-1922
Gwin, J.

## II. Legal Standard

Rule 66 of the Federal Rules of Civil Procedure allows a court to appoint a receiver to administer an estate under the federal rules or in accordance with rules promulgated by the district court. *See* FED. R. CIV. P. 66. Although such appointment is within a court's discretion, the appointment of a federal receiver is an "extraordinary remedy" that a court should employ with the "utmost caution" and grant "only in cases of clear necessity to protect plaintiff's interests in the property." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2983 at 24. "Even when the bill of complaint states a cause of action in equity, the summary remedy by receivership, with the attendant burdensome expense, should be resorted to only on a plain showing of some threatened loss or injury to the property, which the receivership would avoid." *Gordon v. Washington*, 295 U.S. 30, 39 (1935).

No precise formula determines the appointment of a receiver. Instead, courts generally consider a number of factors, including: fraudulent conduct by the defendant; imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; inadequacy of available legal remedies; lack of less drastic equitable remedies; and, likelihood that the appointment will do more good than harm. *See* WRIGHT, MILLER & MARCUS, § 2983 at 26-29. *See also De Boer Structures (U.S.A.), Inc. v. Shaffer Tent and Awning Co.*, 187 F. Supp. 2d 910, 925 (S.D. Ohio 2001) (citations omitted).

## III. Analysis

While the Federal Rules of Civil Procedure allow the Court to appoint an equity receiver to take possession of and manage the Finellis' property in this diversity action, the Court declines to do so. The appointment of a federal receiver is an "extreme remedy" and the bank's pleadings do

Case No. 5:06-CV-1922
Gwin, J.

not make it plain that this drastic measure is necessary to protect its interest in the property.

Namely, Wells Fargo does not assert that the Finellis acted fraudulently by defaulting on the Note and breaking the terms of the Mortgage. Nor does Wells Fargo assert that the State Road property is in imminent danger of a diminution in value. Finally, the bank does not argue the futility of less drastic legal or equitable remedies, or that the bank will be harmed if the Court does not appoint the requested receiver. Because Wells Fargo neither demonstrates a basis upon which the Court may undertake the "extreme remedy" of appointing a federal receiver for the State Road property, nor makes plain the "clear necessity" of avoiding harm if the Court does not do so, the Court declines to take such action.

IV. Conclusion

For these reasons, the Court **DENIES** Plaintiffs' motion for the appointment of a federal receiver.

IT IS SO ORDERED.


Dated: October 4, 2006              s/    *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE