UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | | |
|---|---|---|
| WELLS FARGO BANK N.A., as Trustee for the Registered Holders of CBA Commercial Assets, LLC Small Balance Loan Series 2005-C1, | : : : : : | CASE NO. 5:06-CV-1922 |
| Plaintiff, | : : | |
| vs. | : : | OPINION & ORDER [Resolving Doc. No. 18] |
| ANGELO FINELLI and LAUREANN FINELLI, | : : : | |
| Defendants. | : : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this motion, the Court decides whether to reconsider its October 4, 2006 Order denying Plaintiff's motion to appoint a federal equity receiver pursuant to Rule 66 of the Federal Rules of Civil Procedure. [Docs. 2, 15.] For the reasons presented below, the Court **DENIES** Plaintiff's motion for reconsideration.

I. Background

On August 11, 2006, Plaintiff moved the Court to appoint a federal equity receiver pursuant to Rule 66 of the Federal Rules of Civil Procedure. [Doc. 2.] After considering Plaintiff's facts, argument and the legal standards allowing the appointment of a receiver, the Court declined to do so. [Doc. 15.] On October 10, 2006, Plaintiff moved the Court to reconsider its Order denying its request for a receiver. [Doc. 18.]

In support of its instant motion, Plaintiff recognizes the Court's discretion in deciding

-1-

Case No. 5:06-CV-1922
Gwin, J.

whether to appoint a receiver. *Id.* Plaintiff "understands this Court's reluctance to appoint a receiver when one is not warranted." *Id.* Nevertheless, Plaintiff believes that the Court should enact this extraordinary remedy because it is Defendants' creditor and Defendants do not object. *Id.* Plaintiff concludes its supporting memorandum with the statement that "in the instant case, the appointment of a receiver is fair, just, equitable and consented to by all parties." *Id.*

## II. Legal Standard

A motion for reconsideration is considered a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979). Such a motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). A court may grant a motion to amend or alter judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted).

## III. Analysis

In this case, Plaintiff does not demonstrate adequate reason for the Court to reconsider its previous Order denying its motion to appoint a federal equity receiver.

Prior to denying Plaintiff's request to appoint a receiver, the Court fully reviewed the documentation establishing Plaintiff's status as Defendants' creditor. The Court apprised itself of

Case No. 5:06-CV-1922
Gwin, J.

Plaintiff's permissive right "to have a receiver appointed" and of the fact that, if appointed, the receiver could undertake certain actions with regard to Defendants' property. The Court agrees that Defendants' consent to a receiver is not at issue.

The Court understands all of this.

However, as stated in the Court's October 4, 2006 Order, "the appointment of a federal equity receiver is an 'extraordinary remedy' that a court should employ with the 'utmost caution' and grant 'only in cases of clear necessity to protect plaintiff's interests in the property.'" In its initial motion seeking the appointment of a receiver, Plaintiff did not demonstrate the "clear necessity" for the Court to undertake this "extraordinary remedy." Plaintiff offered insufficient facts in an unpersuasive argument.

Here, Plaintiff tries to clarify its position somewhat, but does so inappropriately under Rule 59(e). Further, Plaintiff does not claim that the Court committed clear error of law with its October 4, 2006 Order. Plaintiff does not proffer newly discovered evidence to support its motion to reconsider. Plaintiff does not point to an intervening change in controlling law as the basis of reconsideration. Finally, Plaintiff does not argue that the Court must grant its instant motion for reconsideration of its October 4, 2006 Order to prevent manifest injustice.

Instead, Plaintiff says it is Defendants' creditor. Plaintiff's cite to contractual language that the Court previously considered. Based on this, Plaintiff concludes that, "in the instant case, the appointment of a receiver is fair, just, equitable and consented to by all parties." This bald conclusion is not enough. Plaintiff does not support its motion for reconsideration with any additional specific facts, reasoning or in the manner required by Rule 59(e). As a result, Court cannot – and will not – exercise its "extraordinary" equitable powers to grant Plaintiff's request for

Case No. 5:06-CV-1922
Gwin, J.

this "extraordinary motion" so unsparingly.

## IV. Conclusion

For these reasons, the Court **DENIES** Plaintiff's motion for reconsideration.

IT IS SO ORDERED.


Dated: October 27, 2006                    s/          *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE